UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LYDIA BERRIOS and | : | |
| CARLOS JOFRE | : | CIVIL ACTION NO. |
|     Plaintiffs, | : | 3:10-CV-01927 (JCH) |
| | : | |
|     v. | : | |
| | : | |
| ERIC H. HOLDER, et al. | : | NOVEMBER 21, 2011 |
|     Defendants. | : | |
| | : | |

**RULING RE: CROSS MOTIONS FOR SUMMARY JUDGMENT (Doc. Nos. 24, 26)**

**I.    INTRODUCTION**

Co-plaintiff, Lydia Berrios, is a United States citizen married to co-plaintiff, Carlos Jofre. Berrios filed a Petition for Alien Relative (Form I-130) on Jofre's behalf with United States Citizenship and Immigration Services ("USCIS") on October 30, 2008. Plaintiffs initiated this action by Complaint for a Writ of Mandamus on December 8, 2010. See Compl. (Doc. No. 1). On or about March 1, 2011, USCIS denied Berrios's petition. Plaintiffs amended their Complaint, seeking review of the USCIS decision pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq.* See Am. Compl. at ¶ 8.

The parties have filed opposing Motions for Summary Judgment. (Doc. Nos. 24, 26). For the reasons set forth below, defendants' Motion for Summary Judgment is granted, and plaintiffs' Motion for Summary Judgment is denied.

**II.   FACTUAL BACKGROUND**

Carlos Froilan Jofre Miranda ("Jofre") is a citizen and national of Chile. Pls.' L.R. 56(a)(2) Stmt. ¶ 1. Jofre married Francis Aiach in Santiago, Chile on October 28, 1983.

1

Id. at ¶ 2.  Jofre entered the United States on June 28, 1991 as a B-2 tourist visitor.  Id. at ¶ 3.  Although Jofre was only authorized to stay in the United States through December 27, 1991, Jofre has remained in the United States since he arrived.  Id.  The youngest of Jofre and Aiach's three children was born in the United States in 1997.  Id. at ¶ 4.  In 2002, Aiach obtained a divorce from Jofre.  Id. at ¶ 5.

In 2005, Jofre met Berrios at the home of a mutual friend.  Defs.' L.R. 56(a)(2) Stmt. ¶ 4.  In or around October 2005, Jofre moved into Berrios's apartment in West Haven, Connecticut.  Id. at ¶ 5.  On October 6, 2006, Berrios and Jofre were married.  Id. at ¶ 6.

On October 30, 2008, Berrios filed an I-130 petition on behalf of Jofre.  Pls.' L.R. 56(a)(2) Stmt. ¶ 10.  On January 19, 2011, USCIS issued a Notice of Intent to Deny ("NOID") the I-130 petition.  See id. at ¶ 13.  Berrios responded to the NOID by submitting additional documentary evidence in support of her petition.  See id. at ¶ 14.  On March 1, 2011, USCIS denied the I-130 petition as supplemented.  Id. at ¶ 15.

### III. STANDARD OF REVIEW

A motion for summary judgment "may properly be granted . . . only where there is no genuine issue of material fact to be tried, and the facts as to which there is no such issue warrant judgment for the moving party as a matter of law."  In re Dana Corp., 574 F.3d 129, 151 (2d Cir. 2009).  Thus, the role of a district court in considering such a motion "is not to resolve disputed questions of fact but only to determine whether, as to any material issue, a genuine factual dispute exists."  Id.  In making this determination, the trial court must resolve all ambiguities and draw all inferences in favor of the party against whom summary judgment is sought.  See Loeffler v. Staten Island Univ. Hosp.,

582 F.3d 268, 274 (2d Cir. 2009).

"[T]he moving party bears the burden of showing that he or she is entitled to summary judgment."  United Transp. Union v. Nat'l R.R. Passenger Corp., 588 F.3d 805, 809 (2d Cir. 2009).  Once the moving party has satisfied that burden, in order to defeat the motion, "the party opposing summary judgment . . . must set forth 'specific facts' demonstrating that there is 'a genuine issue for trial.'"  Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009) (quoting Fed. R. Civ. P. 56(e)).  "A dispute about a 'genuine issue' exists for summary judgment purposes where the evidence is such that a reasonable jury could decide in the non-movant's favor."  Beyer v. County of Nassau, 524 F.3d 160, 163 (2d Cir.2008) (quoting Guilbert v. Gardner, 480 F.3d 140, 145 (2d Cir. 2007)); see also Havey v. Homebound Mortg., Inc., 547 F.3d 158, 163 (2d Cir. 2008) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)) (stating that a non-moving party must point to more than a mere "scintilla" of evidence in order to defeat a motion for summary judgment).

## IV. DISCUSSION

### A. Governing Law

Pursuant to the APA, the USCIS's denial of Berrios's immigration petition may be overturned only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law."[1]  5 U.S.C. § 706(2)(A).  "To make this finding the court must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment."  Citizens to Preserve Overton Park,

---

[1] Jurisdiction is conferred on this court by 28 USC § 1331.  See Ruiz v. Mukasey, 552 F.3d 269, 275–76 (2d Cir. 2009) (holding that the decision to grant relief under 8 U.S.C. 1154(b) is not a determination to be made within the Attorney General's discretion, and consequently, the jurisdiction-stripping provision of 8 U.S.C. § 1252(a)(2)(B) does not apply).

3

Inc. v. Volpe, 401 U.S. 402, 416 (1971); see also Islander East Pipeline Co., LLC v. Connecticut Dep't of Environmental Protection, 482 F.3d 79, 94 (2d Cir. 2006).

It is the petitioner's burden to establish eligibility for the requested immigration benefit by a preponderance of the evidence. See Matter of Pineda, 20 I. & N. Dec. 70, 73 (BIA 1989); Matter of Soriano, 19 I. & N. Dec. 764, 766 (BIA 1988). The petitioner must show, by a preponderance of the evidence, that the marriage was bona fide at its inception, and "not entered into for the purpose of evading the immigration laws." Matter of Laureano, 19 I. & N. at 3; see also Montoya v. Mukasey, No. 07-1698, 270 Fed. Appx. 62, 65 (2d Cir. March 20, 2008) (quoting In Re Riero, 24 I. & N. Dec. 267, 268-69 (2007)). Although evidence to establish intent at the time of marriage can take many forms, some of those forms include: "proof that the beneficiary has been listed as the petitioner's spouse on insurance policies, property leases, income tax forms, or bank accounts; and testimony or other evidence regarding courtship, wedding ceremony, shared residence, and experiences." Laureano, 19 I. & N. at 3.

Where there is reason to doubt the validity of a marital relationship, the petitioner must present evidence to show that the marriage was not entered into for the purpose of evading immigration laws. See Matter of Phillis, 15 I & N Dec. 385, at 386 (BIA 1975). To demonstrate that the purpose of the marriage was not to evade immigration laws, a petitioner may submit documentation showing, for instance, joint ownership of property, joint tenancy of a common residence, commingling of financial resources, birth certificates of children born to the union, and sworn or affirmed affidavits from third parties with personal knowledge of the marital relationship. See 8 C.F.R. § 204.2(a)(1)(i)(B).

4

B.   Analysis

Plaintiffs contend that the USCIS decision denying Berrios's petition was arbitrary and capricious because there is no evidence to support a finding that the marriage is a sham.  See Pls.' Mem. in Supp. Cross Mot. Summ. J. at 9.  In addition, plaintiffs assert that USCIS improperly relied on Jofre's past behavior, and held the plaintiffs to a standard of proof higher than preponderance of the evidence.  See id. at 10–13.  Finally, plaintiffs contend that USCIS relied too heavily on an investigation that included a visit to Aiach's home, while discounting other evidence that would tend to show that plaintiffs' marriage was genuine.  See id. at 13–15.

Upon assessing the Administrative Record, this court concludes that the USCIS's decision denying Berrios's I-130 petition was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.  See 5 U.S.C. § 706(2)(A).  USCIS based its decision upon relevant evidence and, as the factfinder, the USCIS could reasonably have determined that the plaintiffs failed to meet their burden to establish a bona fide marriage.  Significant evidence that supports the USCIS decision includes: (1) occasions just before and during the plaintiffs' marriage when Jofre reported his residence as an address other than 84 Washington Avenue, West Haven, Connecticut, the address Jofre shared with Berrios, see AR 170–72, 175,178–79; (2) Jofre's presence at Aiach's house at 9:10 a.m. on November 24, 2010, when immigration officers visited Aiach's residence, see AR 301–04; (3) the relative lack of documentation from the early years of plaintiffs' marriage as compared to the documentation submitted that was acquired after Berrios filed the I-130 petition, see AR 003–04, 006–07 (summarizing information submitted in support of the petition).  In light

5

of this evidence, as well as the USCIS's determination that subsequent evidence submitted by plaintiffs to explain these discrepancies did not rebut this evidence, a reasoned basis existed for USCIS to determine that Berrios had failed to meet her burden to demonstrate a <u>bona fide</u> marriage with Jofre.  Consequently, USCIS's decision was not arbitrary, capricious, or an abuse of discretion.  Plaintiffs' arguments do not warrant a contrary conclusion.

        1.        Evidence to Support a Sham Marriage

Plaintiffs argue that Berrios met her burden to prove a <u>bona fide</u> marriage, and that USCIS acted arbitrarily and capriciously because "there is no evidence of a "sham" marriage sufficient to deny the I-130 Petition."  <u>See</u> <u>Pls.' Mem. in Supp. Cross Mot. Summ. J.</u> at 9.  Plaintiffs incorrectly imply that USCIS must present evidence in order to deny the petition when, in fact, it is the petitioner's burden to present evidence sufficient to establish by a preponderance of the evidence that the marriage was <u>bona fide</u> at its inception.  <u>See</u> <u>Matter of Laureano</u>, 19 I & N Dec. 1, 2–3 (1983).  Although plaintiffs correctly point to documents that USCIS could have relied on to find that Berrios met this burden, USCIS provided a reasoned basis for discounting the weight of much of this evidence, relying on the fact that the majority of it was either not dated or acquired after the I-130 petition was filed, rather than at the inception of the marriage.[2]  <u>See</u> AR 006–08.  Consequently, USCIS's finding that Berrios failed to meet her burden was not arbitrary or capricious.

---

[2] Defendants erroneously state that "only two single pages date from the early years of the marriage."  <u>See</u> <u>Mem. Supp. Defs.' Mot. Summ. J.</u> at 12.  The court notes, however, that Berrios also submitted a joint tax return for 2007, the first full year of her marriage to Jofre.  <u>See</u> AR 206–12.  It is clear, however, that USCIS considered this evidence in reaching its decision.  <u>See</u> AR 003.

6

### 2. Jofre's Past Behavior

Next, plaintiffs argue that USCIS abused its discretion in relying on Jofre's use of an alias in the past "as the basis of a discretionary denial of the I-130." See Pls. Mem. Supp. Cross Mot. Summ. J. at 10. Plaintiffs offer that Jofre provided his alias, Alfredo Acosta, and a false address when he was arrested in September 2006 because he did not want Berrios to know he had been drinking and had been arrested. See id. at 11; AR 24. Plaintiffs offer no explanation regarding Jofre's possession of a driver's license in the name of Alfredo Acosta, issued on November 8, 2006, a month after his marriage to Berrios, listing an address in Hamden, CT, or as to Jofre's reporting a different address in Hamden, CT when he was arrested on February 3, 2007, in spite of Jofre's representation that he has lived in West Haven, CT with Berrios since 2005. See AR 004–06.

The USCIS clearly states that it considered Jofre's past behavior as a reason to doubt Jofre's veracity. See AR 005. While Jofre offered a plausible explanation for one instance in which he reported a false address to law enforcement, plaintiffs failed to explain other inconsistencies in Jofre's reported residences. Moreover, given these inconsistencies, USCIS was entitled to question Jofre's veracity and to doubt his offered explanation. In examining the evidence, it is clear USCIS did not abuse its discretion in determining that Berrios's offered evidence failed to adequately explain the inconsistencies in Jofre's reported residences.

Further, it is clear that the USCIS did not hold the Berrios to a standard of proof higher than a preponderance of the evidence, or employ a "discretionary denial" standard. USCIS considered a large amount of evidence, including a number of

documents submitted in response to the NOID. See AR 006–07. Upon considering that evidence, as well as the details of USCIS's interview with the plaintiffs, USCIS determined that Berrios "ha[d] not established that a bona fide marital relationship exists between [her] and the beneficiary." See AR 008. Although the record did contain evidence to support the conclusion that Berrios had met her burden to establish a <u>bona fide</u> marriage, given the inconsistencies noted above and other discrepancies in the record, USCIS's decision that Berrios had not met her burden was not arbitrary, capricious, or an abuse of discretion.

    3.  USCIS Investigation

  Finally, plaintiffs argue that USCIS acted arbitrarily and capriciously in crediting its investigation, namely a home visit to Aiach's residence, more heavily than other evidence, including evidence submitted by Berrios that would tend to explain Jofre's presence at Aiach's residence during that visit. See Pls.' Mem. Supp. Mot. Summ. J. at 13. As discussed above, USCIS considered all the evidence Berrios submitted in support of the petition, as well as the immigration officers' home visit to Aiach's residence.[3] See AR 003–07. In response to the NOID, Berrios submitted an affidavit from Jofre stating that he was present at Aiach's home at 9:10 a.m. because he rents her garage and a room in her house for his business, as well as an affidavit from Berrios stating that she was aware of the arrangement. See AR 20, 24. In addition, Berrios

---

[3] Plaintiffs additionally argue that USCIS erred in failing to divulge the entire findings of the investigation, including that immigration officers had observed family photos of Jofre, Aiach, and their children displayed in Aiach's home. See Pls.' Mem. Supp. Cross Mot. Summ. J. at 13; AR 303. As this observation is not mentioned in the denial of plaintiffs' petition, it is clear that USCIS did not rest its decision on these observations. Accordingly, plaintiffs were not deprived of the opportunity to respond to evidence that was used as a principal basis to deny plaintiffs' petition. See, e.g., In Re Jorawar Singh, 2006 WL 1558783 (BIA 2006).

8

submitted checks written to Aiach and signed by Jofre as evidence of Jofre's payments for rent and child support.  See AR 005, 118–122.

Given the evidence, it was not arbitrary, capricious, or an abuse of discretion for USCIS to base its decision in part on its investigation and to find that the rebuttal evidence failed to explain the discrepancies referenced in the NOID.  In its discussion of the evidence, USCIS notes that information on the checks had been covered with white-out.  See AR 005, 118–122.  As a result, USCIS was entitled to determine that the checks were insufficient to substantiate Jofre's claim that he paid rent to Aiach for use of space in home.  In addition, as discussed above, USCIS was entitled to doubt Jofre's explanation of the arrangement in light of other evidence in the record and previous inconsistencies in Jofre's statements.  Accordingly, USCIS did not act arbitrarily or capriciously in relying on its investigation and finding that Berrios's rebuttal evidence was insufficient to meet her burden.

**V.   CONCLUSION**

In light of the preceding analysis, the plaintiffs' Motion for Summary Judgment is denied, and the defendants' Motion for Summary Judgment is granted.  The March 1, 2011 Order of USCIS was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law."  5 U.S.C. § 706(2)(A).  In reaching this conclusion, the court is mindful that this court's review of the USCIS's determination "does not permit [it] to engage in an independent evaluation of the cold record or ask ourselves whether, if we were sitting as fact finders, we would credit or discredit an applicant's testimony." Guan v. Gonzales, 432 F.3d 391, 394-95 (2d Cir. 2005).  It is not this court's role to supplant the judgment of USCIS.  Instead, this court must merely determine whether the

decision rendered by USCIS is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. It is this court's conclusion that the March 1, 2011 Order "was based on a consideration of the relevant factors" and was not a clear error of judgment. Overton Park, Inc., 401 U.S. at 416. It was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. Thus, the denial of Berrios's I-130 Petition should not be overturned.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 21st day of November, 2011.

        /s/ Janet C. Hall
Janet C. Hall
United States District Judge